IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| YOLANDA G. PEÑA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. EP-15-CV-342-MAT |
| | § | |
| NANCY A. BERRYHILL,[1] | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |
| Defendant | § | |

## OPINION

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Yolanda G. Peña appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties consented to the transfer of the case to this Court for determination and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

### I. PROCEDURAL HISTORY

Peña was fifty-eight years old at the time of her hearing before the Administrative Law Judge ("ALJ"). (R. 28).[2] She graduated from high school and worked for the El Paso Electric Company as a purchasing agent for twenty-nine years. (R. 28, 154). Peña filed an application for

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

1

DIB on August 29, 2012, in which she alleged disability beginning November 27, 2008,[3] due to a lower back impairment, a left arm impairment, depression, and a sleep disorder. (R. 102-05, 153). After her application was denied initially and upon reconsideration, Peña requested a hearing. (R. 54-57, 63-67). On June 25, 2014, a hearing was conducted before the ALJ. (R. 24-42). On July 18, 2014, the ALJ issued a written decision denying benefits on the ground that Peña was capable of performing past relevant work. (R. 10-19). On September 22, 2015, the Appeals Council denied Peña's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-3).

In her written decision, the ALJ found that Peña had the following severe impairments: degenerative disc disease; osteoarthritis of the left ankle; and left arm weakness. (R. 12). The ALJ determined that Peña had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb, balance, stoop, kneel, crouch or crawl; occasionally reach with the left (non-dominant) upper extremity; and should avoid exposure to the sun.

(R. 14). Peña argues that the ALJ erred in failing to include all limitations related to her left upper extremity. (Pl.'s Br., ECF No. 18, at 3).

## II. DISCUSSION

A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant

---

[3] The onset date was amended to March 1, 2011, during the hearing before the ALJ. (R. 29).

evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted). If the Commissioner applied the proper legal standards and the findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. LEFT UPPER EXTREMITY LIMITATIONS

1. *Treating Physician's Questionnaire Not Entitled to Controlling Weight*

Peña argues that the ALJ did not afford sufficient weight to a questionnaire completed by one of her treating physicians, Andrew Palafox, M.D. (R. 372-75). The Fifth Circuit has found that a when a treating physician's questionnaire is characterized by "its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations," it may not be entitled to considerable weight. *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011); *see also Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) ("We have previously characterized responses to a 'questionnaire format' as 'typi[cal] brief or conclusory testimony' and declined to accord these responses controlling weight when they lack 'explanatory notes' or 'supporting

3

objective tests and examinations.'") (citing *Foster*, 674 F. App'x at 415) (internal quotation marks omitted); *Rollins v. Astrue*, 464 F. App'x 353, 356 n.5 (5th Cir. 2012) (opining that the regulations may allow for a "check-the-box form with no elaboration given" to be afforded less than considerable weight).

Dr. Palafox's questionnaire responses are almost entirely unsupported by any medical evidence. (R. 372-75). In the portion titled "Manipulative Limitations," Dr. Palafox checked the "Limited" boxes instead of the "Unlimited" boxes for all four categories: Reaching all directions (including overhead); Handling (gross manipulation); Fingering (fine manipulation); and Feeling (skin reception). (R. 374). The following section provides that "If there are manipulative limitations described as 'limited', please check how often the individual can do the following:" Reaching; Handling; Fingering; Feeling. *Id.* Dr. Palafox checked the "Occasionally" box for each category as opposed to the "Frequently" or "Constantly" boxes. The final section requests that the physician "Describe how the activities checked 'limited' are impaired and the basis of additional manipulative limitations. What medical/clinical findings support your conclusions?" *Id.* Dr. Palafox failed to include any notes or medical/clinical findings supporting his diagnoses of Peña's manipulative limitations. *Id.*

Dr. Palafox's questionnaire is exactly the type of medical report that the Fifth Circuit has deemed to merit less than considerable weight. It is brief and conclusory, lacks any notes or explanations, and contains no medical/clinical findings in support of its conclusions. Moreover, and significantly, Dr. Palafox's own treatment records of Peña from both before and after the questionnaire controvert the questionnaire responses because they do not contain any evidence of left upper extremity manipulative limitations. (R. 219, 221-23, 225, 228-29, 231, 291, 337, 339, 348, 350, 390, 411, 413-14, 416-26). Thus, the ALJ appropriately awarded "little weight to Dr.

Palafox's assessment of the claimant's residual functional capacity." (R. 17).

### 2. *Newton Factors Analysis Not Required*[4]

Peña argues that the ALJ erred in not discussing the factors enumerated in 20 C.F.R. § 404.1527(c) when affording Dr. Palafox's questionnaire little weight. When a treating physician's opinion about the nature and severity of a claimant's impairment is well-supported and consistent with other substantial evidence, an ALJ must afford it controlling weight. *Newton*, 209 F.3d at 455 (citation omitted). An ALJ has good cause, however, "to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Generally, when an ALJ determines that there is good cause to afford a treating physician's opinion with less than controlling weight, the ALJ must assess what weight the opinion should be given based on factors enumerated in the regulations. *Id.*; *see* 20 C.F.R. § 404.1527(c). These factors need not be analyzed when there is "competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another," or when "the ALJ weighs treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Newton*, 209 F.3d at 458; *see also Jones v. Colvin*, 638 F. App'x 300, 304 (5th Cir. 2016) ("Furthermore, this Court has also held that ALJs are not required to consider the § 404.1527(c) factors before dismissing a treating

---

[4] On March 27, 2017, the Social Security Administration rescinded Social Security Ruling 96-2p, which discusses giving controlling weight to treating source medical opinions, as well as two other related rulings. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017). Under the new rules, "adjudicators will not assign a weight, including controlling weight, to any medical opinion for claims filed on or after March 27, 2017." *Id.* This analysis is still required, however, because Peña filed her claim on August 29, 2012.

5

physician's opinion if there is competing first-hand medical evidence contradicting that opinion."). "The *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009).

The ALJ did not err in affording Dr. Palafox's questionnaire little weight without assessing the *Newton* factors. As discussed previously, there are voluminous medical reports by Dr. Palafox from both before and after the questionnaire,[5] and none of them identify any left upper extremity manipulative impairments or limitations. These records are inconsistent with Dr. Palafox's responses on the questionnaire finding such limitations. *See Gonzalez v. Colvin*, No. SA-16-CA-00659-ESC, 2017 WL 2538595, at *5 (W.D. Tex. June 12, 2017) (finding ALJ did not err in affording a treating physician opinion limited weight and omitting a factor-by-factor analysis in part because the treating physician's own progress notes were inconsistent with the medical opinion at issue); *De La Cruz v. Colvin*, No. 3:15-CV-01949-K-BH, 2016 WL 5173329, at *11 (N.D. Tex. Sept. 1, 2016), *report and recommendation adopted sub nom. Cruz v. Colvin*, No. 3:15-CV-01949-K, 2016 WL 5122267 (N.D. Tex. Sept. 21, 2016) (finding ALJ did not err in affording a treating physician opinion limited weight and omitting a factor-by-factor analysis in part because the treating physician's own findings in other medical records were inconsistent with the medical opinion at issue). Similarly, medical records spanning several years from another of Peña's treating physicians, Byron Chesbro, M.D., do not indicate that she suffered a left arm impairment or any manipulative limitations. (R. 237, 239, 243-45, 247-49, 259-61, 265-67, 268, 271-74, 276, 311-13, 383-84, 393-96). In light of the competing first-hand evidence inconsistent with the bare-bones questionnaire,

---

[5] A medical record by Dr. Palafox from the same day that he completed the questionnaire provides that: "The patient is here today for follow up. I filled out some paperwork for her SSI. She is still functioning at very light and sedentary level." (R. 390). The only complaint listed in that record is of back pain, and the only diagnosis is "Spondylosis of unspecified site." *Id.*

including incongruous medical records from the treating physician who completed the questionnaire, the Court finds the ALJ was not required to analyze the *Newton* factors.

### 3. *Examining Physician's Report Adequately Considered*

Peña further argues that the ALJ erred by not giving a report by consultative examiner John Roaten, M.D., sufficient weight.[6] A physician who performs a one-time consultative examination is not due special deference as a treating physician. *Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008). Thus, an ALJ is not obligated to afford a consultative examining physician's opinion controlling weight, or to assess such an opinion under the *Newton* factors. *Andrews v. Astrue*, 917 F. Supp. 2d 624, 637 (N.D. Tex. 2013) (citation omitted); *Ciccotti v. Astrue*, No. SA-09-CV-969-XR, 2010 WL 3022775, at *10 (W.D. Tex. July 28, 2010) (citation omitted). "With non-treating doctors' opinions, ALJs are free to '[incorporate] the limitations [found] consistent with the weight of the evidence as a whole.'" *Ciccotti*, 2010 WL 3022775, at *10 (citing *Robinson*, 271 F. App'x at 396).

Dr. Roaten completed a five-page consultative examination report on October 20, 2012. (R. 296-300). He concluded that Peña "has mild to moderate limitations with lifting and carrying weight due to low back pain and left arm pain and weakness." (R. 300). He further opined that she had "manipulative limitations on the left side only on reaching, handling, feeling, grasping, fingering and the claimant will be able to perform these occasionally due to left upper extremity weakness and decreased range of motion." *Id.* However, in a section titled "Use of Hands," Dr. Roaten noted that Peña "was able to lift, carry and handle light objects. Hand eye coordination was good. Rapid alternating movements were intact. There were no disturbances of gross and

---

[6] Inasmuch as Peña argues that Dr. Roaten's report supports Dr. Palafox's questionnaire, the Court notes that the case law does not mandate a factor-by-factor analysis of a treating physician's opinion in light of inconsistent first-hand evidence simply because of one report by a consultative examining physician. The ALJ must consider the record as a whole. *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

7

dexterous movements." (R. 298). The report also provides that Peña's grip strength was 5/5 and equal bilaterally, and rates the range of motions for her left hand identically to that of her right hand in all categories. (R. 299).

The ALJ did not err in the weight given to Dr. Roaten's consultative examination report. First, the Court notes that the ALJ adopted portions of Dr. Roaten's findings in the RFC determination, including limitations on reaching with the left upper extremity. (R. 14). Second, the ALJ was not required to incorporate all the limits proposed by Dr. Roaten, a consultative examining physician. The ALJ appropriately evaluated Dr. Roaten's report in the context of the record as a whole, including other medical reports and the claimant's self-reported activities. *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995) ("It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status."). Thus, the Court finds that the ALJ's RFC finding is supported by substantial evidence.

### III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED** and **ENTERED** this  28th  day of June, 2018.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE